Good morning, and may it please the Court. My name is Cliff Gardner. I represent the Petitioner and Appellant, Mr. Dang, in this case. I do want to reserve some time for rebuttal in light of the Court's admonition to prior counsel about how the clock fools everybody. I'll do my best to keep an eye on the clock and do it correctly. I'd like to focus my remarks today on the ineffective assistance of counsel claim that was litigated and exhausted in state court through one full round of state habeas proceedings. And in particular, I'd like to focus my remarks on a threshold question, and that is, does Section 2254d preclude relief? Or does it apply to this case? Because if it does, Section 2254d by its term says relief shall not be granted. And the question for 2254d purposes is, was there an adjudication on the merits? And here are the positions of the parties. The State quite appropriately cites Richter, Harrington v. Richter, for the proposition that the State Supreme Court's ruling in this case, and the ruling was this, the petition for writ of habeas corpus is denied. The State cites Richter and says that's an adjudication on the merits. I respond for Petitioner and say, well, I'm relying on the Yilst see-through doctrine, the look-through doctrine, which requires that when there's an order like that under Yilst, we look through to the last reasoned decision. And here there are two reasoned decisions, superior court and court of appeal. And in neither of those cases, in neither of the opinions from the superior court or the court of appeal, is there an adjudication on the merits? And the State has what I think is a very clever response. And their response is to cite, and I'm sure I'm going to mangle the name of this Supreme Court case, they cite Yinehosa. And they say under Yinehosa, the way we read the Supreme Court's order in this case, and that is the petition for writ of habeas corpus is denied, is we don't read it like the Supreme Court read it in Yilst. We read it differently. According to the State court under Yinehosa, what we do is the way we read that is we say two things have happened. The State Supreme Court has cured the default and the State Supreme Court has adjudicated the merits of the issue. And I want to make a couple of additional comments just on that. And that is this. I recognize that the Ninth Circuit and federal district courts in California are often tasked with trying to divine what is intended and what is meant by a State Supreme Court ruling denying habeas relief. I recognize that. And I recognize how difficult it is. And I know there are members of the circuit that have issued opinions on this suggesting their frustration with it. And I share that frustration. I'm sure my colleague from the Attorney General's office shares it as well. We are all, I guess, in the business of reading tea leaves when it comes to these orders. And it is difficult and it is frustrating. But in this case, I think it's an unusual case because in this case we actually do have a model to look at in the State Supreme Court for doing what the State says was done here. And that is this. There is an established State practice, and I talk about this on pages 9 to 10 of my reply brief. There is an established State practice by the Supreme Court that when it does what my colleague says they did here, and that is cure the default and address the merits so that the ILST see-through doctrine doesn't apply or the look-through doctrine, here's what the State Supreme Court does. They issue a very different order from the one they issued here. What they say in that situation where there's been a lower court procedural default and the State Supreme Court wants to cure that default and address the merits, they have orders that say this. The petition for writ of habeas corpus is denied on the merits, and they actually cite ILST v. Nunnermaker. They cite the look-through doctrine. And what that tells the Federal court is that, indeed, the State court is the one. This is done every time the State Supreme Court adjudicates something on the merits? I could never answer the question as to whether it's done every time. I know, but that's the problem. I don't think your Supreme Court has been consistent on this. That's part of the frustration I've expressed recently. And I share that frustration. I can't say they've been consistent because that would require me to know the record of every case in which there's been a denial. But what does that get you, counsel? Because either we're going to look through to see what the lower courts did, in which case they've addressed all of these issues on the merits, and then we can simply talk about whether it's an unreasonable adjudication and talk about the juror stuff. Or the Supreme Court has addressed it on the merits, and now we're responsible for finding whether there's adequate grounds on which that judgment would have been reached. And here's what it gets me, Your Honor, because the first part of your comment is actually unsupported by the record, and my colleague will agree with me here. If you look through this case to either of the lower court decisions, you will see that neither of the lower court decisions adjudicated the merits. Both denied this on procedural grounds. Both denied it on procedural grounds that it's been adjudicated on direct appeal. Well, that's the problem. It had never been adjudicated on direct appeal. The ineffective assistance of counsel claim, which is the claim I'm talking about here, was indeed rejected because it was defaulted in State court, because according to the State superior court, it was raised and rejected on appeal. In fact, it hadn't been raised and rejected on appeal. The ineffective assistance of counsel claim had never been raised on appeal. It was raised solely in State habeas petition, in State collateral proceedings. And so that default cannot bar Federal review. And that's what it gets me, Your Honor. If indeed there's no adjudication in the merits by the State supreme court, because the look-through doctrine applies, there's no adjudication on the merits and the court has to review the claims de novo. And that's really the thrust of my argument, is that what the State is asking you to do, and I concede, I don't know the record in every case that comes to the Supreme Court that's denied. I'm looking at, I am looking at the superior court's decision, 2011, on the habeas. And it says, Petitioner repeats some of the claims he made on appeal. Petitioner raised his ineffective assistance of trial counsel claim on appeal, and the court of appeal rejected it. Yes. The superior court does say that, but it's not true. And when my colleague stands up, you can ask him if this particular claim was raised on appeal. It was not. The claim that's raised in State habeas was counsel failed to ask for a hearing  That claim was not raised on appeal. So what you're saying is if Hinojosa is applied here, the presumption that merits review was given at the California Supreme Court really effectively means that no court has ever evaluated the substance, truly evaluated the substance of the claim. Actually, it's if the ILST look-through document is applied, then, yes, no State court has ever addressed, even addressed, the merits of the claim, much less adjudicated. And the claim that you're making that your claim hasn't been reviewed here is the claim that it was ineffective assistance of counsel for trial counsel to fail to object to jurors 3, 4, 12, and 15. Or fail to request a hearing as to 3, 12, and 15. But those, on direct appeal, the misconduct of jurors was reviewed by the California court of appeal, just not in the looking glass of an ineffective, it wasn't framed by an ineffective assistance of counsel claim. Actually, my recollection, Your Honor, of the court of appeal decision is that the only juror that was addressed was juror 4. There was a specific claim made on appeal that the court should have held a hearing as to juror 4. And did not. And that claim was adjudicated on the merits, and that's a. And you have exhausted, you've exhausted this claim in California? Yes. This was exhausted through, I'm sorry, Your Honor, which claim now are we on? The ineffective assistance of counsel claim. Okay. Yes. That claim was exhausted in the State superior court, the State court of appeal, and the State supreme court. If the question of the jurors was addressed by the California court of appeal, but in a slightly different context, not in the context of an ineffective assistance of counsel claim, but in the context of just juror misconduct or juror disqualification, doesn't that go to the question of prejudice? Well, not with respect to whether 2254d, whether there's been an adjudication on the merits, Your Honor. If there's been no adjudication on the merits, then the court has to review the claim de novo. We could certainly talk about what the remedy is, but my point is that there's been no adjudication on the merits in light of the State supreme court practice that we know now. We know from the cases I've cited on pages 9 to 10, we know when the State supreme court does address the merits and wants the look-through doctrine not to apply, it actually cites the illustrious nonamendment. Well, that's what we just had the conversation about, and I don't think you can prove  that. Well, we can certainly prove that that It does some from, it does so on occasion. Yes, and it did not do so here. Right. And so what the State is asking this Court to do basically is to rewrite that State order in this case to match what it was in those other cases. The State would like the order in this case to read the petition for writ of habeas corpus is denied on the merits, citing Yills v. And sometimes, sometimes, I mean, it's also true that on occasion the California Supreme Court will deny it and then issue citations to cases, which indicates that there was some kind of procedural default or it's untimely or something else. Yes, that's true. We didn't get any citations in this case. It was just, it's a complete cipher. Correct. And I think if you go back and look at the time the Supreme Court issued this order, they had two models. This was before Unojosa. They had two models. They had the Illst v. Nonamaker model, which said if you, and Yills said, if the order says petition for writ of habeas corpus is denied without more, I'm sorry, without more is what I added, if the order simply says the petition for writ of habeas corpus is denied and there is a lower court decision, Ills says you look through. The second model the Supreme Court had when it issued the order in this case was it had the – I lost my train of thought here. The first model was, oh, it had Yills. It had Richter. And Richter said that when you say, when there is no lower court decision and you say the petition for writ of habeas corpus is denied, there is an adjudication on the merits. So it had those two models. But this case arises where there had been a lower court decision. So the Court used the exact language that Ills says you use when you want the look-through doctrine to apply. We add on to that, the inference from that, is that in a post-Richter world, when the State court wants to let a Federal court know the look-through doctrine should not apply, it actually cites the look-through doctrine. Again, this is the discussion we just had. I agree with you. I can't say that they do that in every case, but neither can counsels point to cases where they didn't do it. So where are we? We have to look at the – this Court is forced to read the TILUs. You've argued that the California court of appeal did not address this on the merits because there was some kind of a default here? There was some kind of a procedural error? Well, they imposed a default. The California court of appeal, in habeas proceedings, said counsel – counsel, Petitioner was in pro per, and said Petitioner failed to provide any documentation, that is, the transcript of the case. And that was supplied to the California – that was corrected when you went to the California Supreme Court. That was corrected. And the California Supreme Court acknowledged that it was accepting the filing, right? I'm sorry, Your Honor? Didn't the California Supreme Court acknowledge that it was accepting the filing? I'm not sure I understand the question. This Petition was filed in the Supreme Court. The order from the California Supreme Court actually has two lines. Yes. And the first line is, the request for judicial notice is granted. What was that request for judicial notice? The request for judicial notice, which was a request that Petitioner had filed in each of the superior courts, the court of appeal and the Supreme Court, was for a judicial notice of all the records in the case. Okay. So the California Supreme Court has now corrected what the grounds on which the California Court of Appeal denied it. The California Court of Appeal said you didn't attach the records. Yes. You did attach the records in the Supreme Court, and the Supreme Court acknowledged that the records had been attached and that they were granting the motion to – for judicial notice. Well, the former statement is – I don't think it's true. I don't think there's anything in the record that you say they acknowledge that, in fact, the materials have been provided. All they said was the Petition is denied, the request for judicial notice is granted. And I should point out, in the waning time I have, that the reason that a defendant was unable to provide the documents that were necessary to the court of appeal is because at the time he filed that petition, there's a California Department of Corrections rule that prohibits indigent defendants from Xeroxing more than 100 pages of material. So while there is a State rule that says you must provide documents – But wouldn't it be a little odd for the California Supreme Court to say the petition for judicial notice, the request for judicial notice is granted, but we're going to affirm it on the same grounds as the California court of appeal decided on? Certainly not in this case, because if you look at the court of appeal order, they too granted the request for judicial notice. And that's one of the fundamentally problematic things about that default. This is an indigent defendant who is required to attach materials. There's a CDC rule that prohibits him from making copies. He then does what any indigent client, which we would hope they would do, he asks for judicial notice of the record in front of the court of appeal that has the entire record, and although he's indigent, the court of appeal says we will take judicial notice of the record, but you didn't provide documentation. That is a default that cannot bar Federal review. A, it's terribly unfair to require him to do what the CDC regulations prohibit him from doing, but it certainly seems like he substantially complied with it in each court asking for judicial notice. And you will see, I think it's in the first paragraph of the court of appeal's report, that he did not provide the request for judicial notice. So those records were indeed before them. I have 33 seconds left, Your Honor. I think I deserve all of it. Thank you very much. Mr. LaPietra. Thank you, Your Honor. May it please the Court. Vincent LaPietra on behalf of Respondent. Mr. Dang has wholly failed to establish an effective assistance of counsel. His entire claim is premised upon speculation as to what further questioning would have established. The plain fact is that two of the four jurors expressed frustration with the time and delay of the proceedings, which, as the district court correctly observed, had no, did not demonstrate any bias towards Mr. Dang. The third, a third juror was the alternate juror who was not a member of the evidence you're hearing where she did not establish any reason for her absence or for her excusal. There was no basis for excusal. No matter what standard of review was applied, there's simply no basis to conclude that ineffective assistance of counsel was rendered in this case. As we pointed out, counsel has not, or Mr. Dang has not provided any declaration from counsel or explained such an absence, hasn't provided any declaration from any of the jurors. As I stated, it's wholly speculative that further questioning might somehow establish a reason to excuse these jurors. Mr. Dang is an admitted child molester. He, his defense was, to many of the claims, was that he was so intoxicated that he didn't know what was happening. Counsel, it looks to me like Mr. Gardner's played long ball here today. I didn't hear him discuss at all any of the, any of the matters on the merits that you're discussing now. It seems to me he threw all of his eggs in one basket, which is he was entitled to a hearing that he didn't get. That may be his position, but he certainly hasn't established any basis for such a hearing. There was a hearing to the extent that the court, the trial court brought each of these instances to the attention of both of the parties. And in each case, the parties agreed that the no evidentiary hearing or questioning of the juror was required. So he did receive a hearing to that extent. And with regard to juror number, juror number three, there was an evidentiary hearing. And he, his argument is merely that counsel should have asked better questions to establish a basis for excusal. Well, no, I, no. His argument is, is that he's entitled to a hearing in a Federal court on the, on the question of the ineffective assistance of counsel. Oh, an evidentiary hearing. Right. An evidentiary hearing. Well, that would still be barred by 2254 because he had, he was not diligent in establishing the record in the State courts. Regardless of D2, you still must maintain diligence in establishing the record before the State courts. In order to do that, you need to affirmatively allege facts which, if true, would warrant relief. And in this case, he's only alleged facts that do not warrant relief. That is, it is true that two jurors were frustrated. Do you accept his, his premise that the California Supreme Court did not decide this on the merits? Absolutely not, Your Honor. This was clearly. What evidence do you have that it was decided on the merits? Well, he talks about Hinojosa and Ilst. Ilst is a presumption, a rebuttable presumption, that a silent denial rests on an earlier procedural bar. And in Hinojosa, the California, or the, excuse me, the United States Supreme Court said that presumption is rebutted when the, the reason asserted by the lower court is inapplicable. And in this case, the reason asserted by the lower court was failure to establish or failure to attach documentary evidence. He cured that and he did attach hundreds of pages of documentary evidence. Under Hinojosa, which, by the way, was a silent denial by the California Supreme Court, they did not say see Ilst. It was merely silent. And then the United States Supreme Court said in that case, where the underlying procedural rule does not apply, then it is on the merits. So we have to consider this as on the merits? Yes, Your Honor. In conclusion, this is on the merits. Even failing that, he has failed to establish the factual basis for his claims in the state court. He's barred from an evidentiary hearing in federal court. And none of his claims established a prima facie case of ineffective assistance of counsel. There's just no basis. Well, first of all, counsel made a tactical decision. Each time she said, I do not wish to inquire if he was equivocal in his statements, then I prefer to leave it alone and did not affirmatively did not move to excuse juror number three. So the record establishes a tactical purpose for counsel's actions. For each of those three reasons, the district court properly denied relief and this court should affirm its judgment. Okay. Thank you, Mr. Flapietra. 33 seconds. Two points, Your Honor. Counsel suggested that we have nothing but speculation to support that really the prejudice prong. And in a way, counsel's right. Counsel suggested my client wasn't diligent. Remember, he was improper. I've just been appointed by this court, but in that counsel was not right. My client has been seeking an evidentiary hearing on the ineffective assistance of counsel issue in the state superior court, in the state court of appeal. He asked for it in the state superior court. He asked for it in the supreme court. He asked for it and he asked for it in district court. And the state has either not responded or opposed an evidentiary hearing on each occasion. So to the extent diligence is a factor in the calculus, and I believe it is, it's hard to imagine any pro per exercising greater diligence than my client did in this case. But what I'm not understanding is what is it, what is he going to show in the evidentiary hearing? Well, that's a good question. We can never know in advance, but I think the evidentiary hearing would involve talking to these three jurors, jurors three, 12 and 15, if I have the numbers right, and talking about each of the problems. Did 15, 15 had a relationship with the victim's father? What was that relationship like? How long had they known each other? Did they talk about the case? Well, that's kind of an exaggeration of what the, what. It's not that he had a relationship. He said he thought he might. Your Honor is quite right. I misspoke. He said he recognized him and I think he said he knew him. And so, but the point is we don't know. And this Court has recognized, I think in Carrera and district courts like Williams v. Hall have recognized that when counsel's failure to make an objection results in an undeveloped record, the remedy isn't to say, well, the record is undeveloped, deny relief. The record is to say let's develop the record and see if relief is appropriate. And that's what should be the remedy here. The second point with the Court's leave is to talk about the rebuttable presumption appeals. Counsel said it's rebuttable. It is rebuttable. The question is has anything here rebutted it? And the answer in light of the other orders that make clear that when the California Supreme Court wants to address the merits and wants the ills not to apply, it says so. The failure to do so here can't mean what, what those orders mean. They're asking you in the name of federalism to rewrite the State's order. And my position is that in the name of federalism, that's exactly what you cannot do. You cannot ignore what the State actually said and rewrite the order. Unless the Court has any questions. We do not. Thank you, Mr. Gardner. I thank both counsel for the argument. Dang v. Spearman is submitted, completes the calendar for the day. We are in recess until tomorrow.
judges: Schroeder, Bybee, Smith